Filed 10/21/20  P. v. Morrow CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAYMOND HENRY MORROW,<br><br>    Defendant and Appellant. | B305284<br><br>(Los Angeles County<br>Super. Ct. No. VA100907) |

THE COURT:

Defendant Raymond Henry Morrow (defendant) appeals from the denial of his postjudgment motion to vacate the fines, fees, and victim restitution imposed when he was sentenced in 2010 following his conviction of shooting at an inhabited dwelling and multiple counts of assault with a deadly weapon.  On February 3, 2020, the trial court denied the motion, and defendant filed a timely notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to follow the procedures set forth in *People* v. *Serrano* (2012) 211 Cal.App.4th 496.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not

required to conduct an independent review the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *Serrano*, at p. 503.) However, we do review any contentions or arguments made if the defendant files his or her own supplemental brief or letter, as was done here. (See *Cole*, at p. 1039.)

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant contends that principles of due process required the trial court to determine his ability to pay prior to the imposition of fines, fees and victim restitution. Defendant has failed to show a due process violation as he has not demonstrated that the "'imposition of these financial obligations . . . denied defendant access to the courts' [or] . . . 'result[ed] in defendant's incarceration.' [Citation.]" (*People v. Petri* (2020) 45 Cal.App.5th 82, 92, citing *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946.) We therefore conclude that the trial court did not err in denying defendant's motion.

Moreover, defendant is 38 years old and has completed 10 years of a 32 years to life term, and he indicates in his motion that he has a prison job. We can thus infer that defendant will be able to pay all or a substantial portion of his financial obligations from his prison wages, which are garnished for that purpose. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076-1077.) Under such circumstances, if the trial court had erred, the error would be harmless beyond a reasonable doubt. (See *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060-1061.)

## DISPOSITION

The February 3, 2020 order denying defendant's motion to vacate fines, fees, and victim restitution is affirmed.

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.